101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Young Taek LEE, Defendant-Appellant.
 No. 95-1588.
 United States Court of Appeals, Second Circuit.
 April 23, 1996.
 
 1
 Appearing for Appellant Martin R. Stolar, N.Y., N.Y.
 
 
 2
 Appearing for Appellee Elisa L. Liang, Ass't U.S. Att'y, EDNY, Brooklyn, N.Y.
 
 
 3
 E.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before KEARSE, ALTIMARI, Circuit Judges and JOHNSON, Jr., District Judge*.
 
 
 6
 Appeal from the United States District Court for the Eastern District of New York.
 
 
 7
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by counsel.
 
 
 8
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 9
 Defendant Young Taek Lee appeals from a judgment of conviction entered in the United States District Court for the Eastern District of New York following a jury trial before I. Leo Glasser, Judge, convicting him on one count of racketeering ("RICO"), in violation of 18 U.S.C. § 1962(c); one count of conspiracy to extort, in violation of 18 U.S.C. § 1951; three counts of extortion, in violation of 18 U.S.C. § 1951; and one count of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). He was sentenced principally to 157 months' imprisonment, to be followed by three years' supervised release. On appeal, Lee contends principally that the evidence was insufficient to support his convictions on the extortion and extortion conspiracy counts, and that the required reversals on those counts remove the necessary predicates for his convictions on the RICO and firearm counts. For the reasons below, we conclude that the evidence was sufficient, and we affirm.
 
 
 10
 In challenging the sufficiency of the evidence to support his conviction, a defendant bears a very heavy burden. See, e.g., United States v. Esdaille, 769 F.2d 104, 108 (2d Cir.), cert. denied, 474 U.S. 923 (1985); United States v. Losada, 674 F.2d 167, 173 (2d Cir.), cert. denied, 457 U.S. 1125 (1982). In reviewing such a challenge, we must credit every inference that could have been drawn in the government's favor, see, e.g., United States v. Weiss, 930 F.2d 185, 191 (2d Cir.), cert. denied, 502 U.S. 842 (1991); United States v. Carson, 702 F.2d 351, 361 (2d Cir.), cert. denied, 462 U.S. 1108 (1983), viewing pieces of evidence not in isolation but in conjunction, see, e.g., United States v. Podlog, 35 F.3d 699, 705 (2d Cir.1994), cert. denied, 115 S.Ct. 954 (1995); United States v. Brown, 776 F.2d 397, 403 (2d Cir.1985), cert. denied, 475 U.S. 1141 (1986). Where there are conflicts in the testimony, we must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses, see, e.g., United States v. Stratton, 779 F.2d 820, 828 (2d Cir.1985), cert. denied, 476 U.S. 1162 (1986); United States v. LeRoy, 687 F.2d 610, 616 (2d Cir.1982), cert. denied, 459 U.S. 1174 (1983), and we must affirm the conviction so long as, from the inferences reasonably drawn, the jury might fairly have concluded guilt beyond a reasonable doubt, see, e.g., United States v. Buck, 804 F.2d 239, 242 (2d Cir.1986); United States v. Taylor, 464 F.2d 240, 244-45 (2d Cir.1972). The weight of the evidence is a matter for argument to the jury, not a ground for reversal on appeal. See, e.g., United States v. Roman, 870 F.2d 65, 71 (2d Cir.), cert. denied, 490 U.S. 1109 (1989).
 
 
 11
 In order to prove a conspiracy, the government must present evidence that the defendant entered into an agreement, either express or tacit, see, e.g., United States v. Skowronski, 968 F.2d 242, 247 (2d Cir.1992), to perform unlawful acts. A defendant's knowledge of the conspiracy and his participation in it with criminal intent may be established through circumstantial evidence. See, e.g., id. The questions of whether there was a conspiracy and whether the defendant was a member of it may be assessed in light of the "interrelationship and interdependency" of the alleged coconspirators' actions as well as "the nature and duration of the enterprise." United States v. Alessi, 638 F.2d 466, 473 (2d Cir.1980). A conspiracy conviction must be upheld if the jury could reasonably have inferred that the defendant knew of the existence of the conspiracy and that he "associat[ed] himself with the venture in some fashion, participat[ed] in it as something that he wish[ed] to bring about, or [sought] by his action to make it succeed." United States v. Vargas, 986 F.2d 35, 39 (2d Cir.) (internal quotation marks omitted), cert. denied, 508 U.S. 941 (1993).
 
 
 12
 In the present case, the government's evidence, which included tape recorded conversations, in which Lee and/or other members of the conspiracy were participants, and testimony by victims and coconspirators, was sufficient on all counts. As to the conspiracy to extort count, for example, the record included statements of coconspirators indicating that Lee was a leader in the enterprise whose instructions were to be heeded by lower-level members, as well as evidence that members of the conspiracy often met at his office, that he participated in at least one robbery to raise bail money for a member of the gang who had been arrested in connection with extortionate activities, that he ordered certain extortions for the purpose of raising bail money for another gang member, that he received some of the money thus extorted, and that he assisted in setting up some of the extortions. The evidence was ample to permit a rational juror to find beyond a reasonable doubt that Lee was a member of the extortion conspiracy.
 
 
 13
 As to the substantive counts of extortion, the evidence, viewed in the light most favorable to the government, was sufficient on either an aiding-and-abetting theory or a Pinkerton theory, see Pinkerton v. United States, 328 U.S. 640, 646-48 (1946) (coconspirator who does not directly commit a substantive offense may be liable for that offense if it was committed by another coconspirator in furtherance of the conspiracy and was a reasonably foreseeable, necessary, or natural consequence of the conspiratorial agreement). With regard to the charge of extortion at the Hwang Jae Dance Studio, the record included evidence that Lee had joined the extortion conspiracy at least two years earlier and that after the arrests of other members of the conspiracy, he sought to intercede with the victim on their behalf. With regard to the charge of extortion at the Firebird Bar, the record included evidence that the extortionate demands were made by the gang for more than a two-year period during which Lee was intimately involved in the conspiratorial activity. With regard to the charge of extortion at the "Boong" Restaurant, the record included coconspirator testimony that Lee helped to set up the extortion, which was thereafter carried out by junior members of the gang.
 
 
 14
 We have considered all of Lee's contentions on this appeal and have found them to be without merit. The judgment of conviction is affirmed.
 
 
 
 *
 Honorable Sterling Johnson, Jr., of the United States District Court for the Eastern District of New York, sitting by designation